IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                    Criminal Action No. 3:19-CR-29
                                                      (GROH)

MCHAEL KENNEDY,

        Defendant.

### PROTECTIVE ORDER

On this day, the above-captioned criminal action came before this Court for consideration of the United States' Unopposed Motion for Protective Order. In the motion, the United States requests that this Court enter a Protective Order restricting discovery in lieu of redactions of personal identifying information and the blurring of a juvenile's image in a video included in the discovery. The defendant does not oppose the motion, and the defendant and the attorney for the government have agreed to the below-outlined language of a Protective Order.

Upon careful consideration of the above, this Court finds good cause to restrict discovery as requested and hereby **GRANTS** the motion. Accordingly, pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure and Rule 16.09 of the Local Rules of Criminal Procedure, this Court hereby **ORDERS** as follows:

1.    The United States shall disclose its discovery to counsel for the defendants via two (2) copies of encrypted, password-protected electronic media devices, which include CD-ROMs and/or external hard drives. When appropriate, such as in the case of any non-voluminous disclosures, the United States may utilize a secure file transfer system known as USA File Exchange ("USAfx") to electronically effectuate a discovery disclosure.

2. Counsel for the defendant shall not create any additional electronic copies of the provided electronic media devices or the materials provided via USAfx. Counsel for the defendant may make one (1) hard paper copy of the discovery for review purposes. Counsel for the defendant may share the provided electronic media devices and/or any hard paper copy with any employee of the firm for counsel for the defendant, who is assigned to review the same. For viewing purposes only, counsel for the defendant may also download the files to his computer and/or the computer of an employee assigned to review the discovery.

3. Counsel for the defendant shall maintain the provided copies of the electronic media devices and any materials provided via USAfx, and the one (1) hard paper copy of the discovery, in a secure location.

4. Counsel for the defendant may mail or hand deliver one (1) of the provided copies of the electronic media devices to the defendant. To maintain the security of this delivery, the package shall not include the password. Instead, the password shall be delivered separately to the defendant. The defendant shall maintain this copy in a secure location. The defendant shall not copy, or cause or permit another to copy, his set of electronic media devices. The defendant may, however, make one (1) hard paper copy of the discovery for review purposes, which copy must also be maintained in a secure location. The defendant shall not disseminate, or cause or permit another to disseminate, the information contained on his set of electronic media devices.

5. Counsel for the defendant shall destroy the discovery, both electronic and hard copies, pursuant to the protocol of his office, not to exceed within five (5) years following the date on which the criminal action is closed.

6. Upon the closing of this criminal action, the defendant shall destroy his copies of the discovery, both electronic and hard copies.

7. The United States shall delete from USAfx any and all materials uploaded to USAfx as soon as practicable after counsel for the defendant has downloaded those materials from USAfx.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to all counsel of record herein.

DATED: _April 4_, 2019.

_____
GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE

3