# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**UNITED STATES OF AMERICA,**

      Plaintiff,

v.                                                Criminal Action No. 3:19-CR-29
                                                   (GROH)

**MICHAEL KENNEDY,**

      Defendant.

## UNITED STATES' PROPOSED JURY INSTRUCTIONS

Now comes the United States of America, William J. Powell, United States Attorney for the Northern District of West Virginia, by Jarod J. Douglas, Assistant United States Attorney, and Christine M. Siscaretti, United States Department of Justice Trial Attorney, and hereby proposes the following jury instructions.

                                                 Respectfully submitted,

                                               WILLIAM J. POWELL
                                             UNITED STATES ATTORNEY

By:    /s/ Jarod J. Douglas
        Jarod J. Douglas
        Assistant United States Attorney

And
       /s/ Christine M. Siscaretti
       Christine M. Siscaretti
       Trial Attorney
       Civil Rights Division
       United States Department of Justice

**GOVERNMENT'S REQUESTED INSTRUCTION NO. 1**

**(The Nature of the Offense Charged in Count One, 18 U.S.C. § 242)**

Count One reads as follows:

On or about November 19, 2018, in Berkeley County, West Virginia, within the Northern District of West Virginia, the defendant, MICHAEL KENNEDY, while acting under color of law, physically assaulted J.H., a person known to the Grand Jury, during his arrest, and thereby willfully deprived J.H. of the right, secured and protected by the Constitution and laws of the United States, to be free from unreasonable seizures, which includes the right to be free from the use of unreasonable force by one acting under color of law. As a result of the defendant's actions, J.H. suffered bodily injury.

Defendant has pled not guilty to this count.

Authorities:

Indictment

18 U.S.C. § 242

## **GOVERNMENT'S REQUESTED INSTRUCTION NO. 2**

### **(The Statute Defining the Offense Charged in Count One)**

Count One, which I have just read to you, is brought under Title 18, United States Code, Section 242. This statute states, in relevant part:

> Whoever, under color of any law . . . willfully subjects any person in any State . . . to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States . . .

shall be guilty of an offense against the United States.

<u>Authorities</u>:

18 U.S.C. § 242

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 3

### (Elements of 18 U.S.C. § 242: Deprivation of Rights)

For you to find the defendant guilty of Count One of the Indictment, you must find that the Government has proven, beyond a reasonable doubt, that:

First: The defendant acted under color of law, which means that the defendant was acting, or purporting to act, in his official capacity as a law enforcement officer;

Second: The defendant deprived the victim, J.H., of a right secured or protected by the Constitution or laws of the United States – here, the right of an arrestee to be free from unreasonable seizures, which includes the right to be free from the use of unreasonable force by one acting under color of law; and

Third: The defendant acted willfully.

If you find from your consideration of all the evidence that each of these three elements has been proven beyond a reasonable doubt, then you may find the defendant guilty of Count One.

If, on the other hand, you find from your consideration of all the evidence that any one of these three elements has not been proven beyond a reasonable doubt, then you must find the defendant not guilty of Count One.

If you find the defendant guilty of Count One, then you will be asked to consider whether the government has proven beyond a reasonable doubt that the defendant's acts as charged in Count One resulted in bodily injury to J.H.

If you find from your consideration of all the evidence that the defendant's acts resulted in bodily injury to J.H., then you may check the box for "Yes" on the verdict form.

If, on the other hand, you find from your consideration of all the evidence that the defendant's acts did not result in bodily injury to J.H., then you should check the box for "No" on the verdict form.

Authorities:

18 U.S.C. § 242

Eric Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § III. (Emily Deck Harill, ed., 2019 Online Edition) (modified).

*United States v. Lanier,* 520 U.S. 259, 264 (1997) ("Section 242 is a Reconstruction Era civil rights statute making it criminal to act (1) willfully and (2) under color of law (3) to deprive a person of rights protected by the Constitution or laws of the United States.") (internal citations omitted).

*Screws v. United States*, 325 U.S. 91 (1945) (identifying the elements of an 18 U.S.C. § 242 offense).

*United States v. Cowden*, 882 F. 3d 464, 474 (4th Cir. 2018) ("To obtain a conviction for deprivation of rights under color of law in violation of 18 U.S.C. § 242, the government must show that the defendant (1) willfully (2) deprived another individual of a constitutional right (3) while acting under color of law") (internal citation omitted).

*United States v. Perkins*, 470 F.3d 150, 160-61 (4th Cir. 2006) ("To be convicted of a felony under 18 U.S.C.A. § 242, the Government must prove that the defendant willfully subjected a person to the deprivation of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States, and bodily injury resulted from such deprivation.") (internal quotation and citation omitted).

*United States v. Mohr*, 318 F.3d 613, 618-19 (4th Cir. 2003) ("[T]o demonstrate a violation of § 242, the government had to establish, inter alia, that [the defendant] acted (1) willfully . . . (2) under color of law, (3) to deprive [the victim] of a right protected by the Constitution of the United States.") (internal quotation and citation omitted).

*United States v. Moore*, 708 F.3d 639, 645 (5th Cir. 2013) ("[T]o prove a violation of Section 242, the government must prove beyond a reasonable doubt that the defendant: (1) willfully; (2) deprived another of a federal right; (3) under color of law.") (internal citations omitted).

## **GOVERNMENT'S REQUESTED INSTRUCTION NO. 4**

### (First Element: 18 U.S.C. § 242 – Color of Law)

The first element the government must prove with respect to Count One is that the defendant acted under color of law.  A person acts under color of law if he is an official or employee of a federal, state, or local government and he uses or abuses power he possesses because of his official position.  A government official, such as a state trooper, acts "under color of law" if he is performing his official duties, purporting to perform those duties, or giving the appearance of performing such official duties, even if he misuses or abuses his official authority by doing something the law forbids.  In other words, if a state trooper misuses the power, invested in him by the law, to deprive someone of his rights, his actions are taken under color of law.

If you find, beyond a reasonable doubt, that the defendant was a state trooper and he acted, or purported to act, as a state trooper during the incident alleged to have occurred on November 19, 2018, then you may find that he acted under color of law and the first element of Count One has been satisfied.

Authorities:

18 U.S.C. § 242

Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § III (modified).

*West v. Atkins*, 487 U.S. 42, 49-50 (1988) ("It is firmly established that a defendant . . . acts under color of state law when he abuses the position given to him by the State.  Thus, generally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law.") (internal citation omitted).

*Griffin v. Maryland*, 378 U.S. 130, 135 (1964) ("If an individual is possessed of state authority and purports to act under that authority, his action is state action. It is irrelevant that . . . the particular action which he took was not authorized by state law.") (internal citation omitted).

*Screws v. United States*, 325 U.S. 91, 111 (1945) ("It is clear that under 'color' of law means under 'pretense' of law . . . . Acts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it.").

*Davison v. Randall*, 912 F.3d 666, 679–80 (4th Cir. 2019), *as amended* (Jan. 9, 2019) (analyzing 42 U.S.C. § 1983, the civil analogue of § 242, and stating "[t]he traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law" and holding that a defendant's purportedly private actions are most likely to satisfy the color-of-law requirement when "the defendant's challenged actions are linked to events which arose out of his official status." ) (internal citations and quotations omitted).

*Jennings v. University of North Carolina*, 482 F.3d 686, 701 (4th Cir. 2007) ("State employment is generally sufficient to render the defendant a state actor, and a defendant necessarily acts under color of state law when he abuses the position given to him by the State.") (internal quotations and citations omitted).

*United States. v. Ramey*, 336 F.2d 512, 515 (4th Cir. 1964) ("Under 18 U.S.C. § 242, 'color of law' includes misuse of power possessed by virtue of State law and made possible only because the wrongdoer is clothed with authority of State law.") (internal citations omitted).

# GOVERNMENT'S REQUESTED INSTRUCTION NO. 5

## (Second Element: 18 U.S.C. § 242 – Deprivation of a Protected Right)

The second element the government must prove with respect to Count One is that the defendant deprived J.H. of a right secured or protected by the Constitution or laws of the United States.

The Indictment alleges that the defendant deprived J.H. of his right to be free from unreasonable seizures, which includes the right of an arrestee to be free from the use of unreasonable force by one acting under color of law. You are instructed that this right is one secured by the Constitution and laws of the United States.

The Constitution prohibits the use of unreasonable or excessive force by a law enforcement officer making an arrest, even when the arrest is otherwise proper. Not every use of force by a law enforcement officer against an arrestee is unconstitutional. An officer may use force to maintain his safety and the safety of other officers, to prevent escape, or to accomplish other legitimate law enforcement objectives. An officer may not use more force than is reasonably necessary to accomplish such objectives. The test for reasonableness is an objective one, meaning that you should consider all of the facts and circumstances from the point of view of an ordinary and reasonable officer in the same position as the defendant.

If you find that the defendant used force against J.H., then you must determine if that force was reasonable. In making this decision, you may consider, among other factors, the severity of the crime, if any, committed by J.H.; the extent, if any, to which J.H. posed an imminent threat to the safety of the defendant or to any other person; the extent, if any, to which J.H. was physically resisting arrest or attempting to flee at the time force was used; and the extent of injuries, if any, suffered by J.H.

An officer may not use force solely to punish, retaliate against, or seek retribution against another person. In determining whether the force used was reasonable under all the facts and circumstances, keep in mind that force that is objectively reasonable at the beginning of an encounter may not be justified – even seconds later – if the objective justification for the initial use of force has been eliminated.

If, after considering all the circumstances, you find that the defendant used objectively unreasonable force against J.H., then you may find that the second element of Count One has been satisfied.

Authorities:

18 U.S.C. § 242

*Saucier v. Katz*, 533 U.S. 194, 202 (2001) (holding that "a use of force is contrary to the Fourth Amendment if it is excessive under objective standards of reasonableness").

*Graham v. Connor*, 490 U.S. 386, 393, 396-97 (1989) (explaining that the Fourth Amendment governs an arrestee's excessive force claim and holding that reasonableness must be judged from perspective of reasonable officer on the scene, and noting that "proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight").

*Hupp v. Cook*, 931 F.3d 307, 321–22 (4th Cir. 2019) (holding that, in analyzing a Fourth Amendment excessive force case "we ask whether a reasonable officer in the same circumstances would have concluded that a threat existed justifying the particular use of force. In answering this question, we consider several factors, including the severity of the crime at issue, whether the suspect posed an immediate threat to the safety of the officers or others, and whether the suspect was actively resisting arrest or attempting to evade arrest by flight. We also consider the extent of the plaintiff's injuries.") (internal citations, quotations, and alterations omitted).

*Meyers v. Baltimore County, Md.,* 713 F.3d 723, 733 (4th Cir. 2013) (finding that "force justified at the beginning of an encounter is not justified even seconds later if the justification for the initial force has been eliminated.") (internal quotation and citation omitted).

*Henry v. Purnell*, 652 F.3d 524, 531 (4th Cir. 2011) (holding that the Fourth Amendment's prohibition on unreasonable seizures includes the right to be free of seizures effectuated by excessive force and that whether an officer has used excessive force should be analyzed under a standard of objective reasonableness) (internal quotations and citations omitted).

*Schultz v. Braga*, 455 F.3d 470, 476 (4th Cir. 2006) (holding that the Fourth Amendment's prohibition on unreasonable searches and seizures includes the right to be free of arrests, investigatory stops, or other seizures effectuated by excessive force, and that Fourth Amendment claims should be analyzed under an objective reasonableness standard) (internal quotation and citation omitted).

*United States v. Aguilar*, 242 Fed.Appx. 239, 243 (5th Cir. 2007) (affirming jury instruction in a use of force case that included instruction that officers "may not use force to punish, retaliate or seek retribution against a person who has been arrested.").

## **GOVERNMENT'S REQUESTED INSTRUCTION NO. 6**

### **(Third Element: 18 U.S.C. § 242 - Willfulness)**

The third element of the offense charged in Count One requires the government to prove beyond a reasonable doubt that the defendant acted willfully.

A person acts willfully if he acts voluntarily and intentionally with the specific intent to do something the law forbids. Here, this means that the defendant acted with the specific intent to deprive J.H. of his right to be free from unreasonable seizures, which includes the right to be free from the use of unreasonable force by one acting under color of law.

Willfulness, like other states of mind, may be proved through circumstantial evidence because there is no way of directly scrutinizing the human mind to reveal precisely what someone was thinking at any given moment. You may infer a defendant's state of mind from the surrounding circumstances. In determining whether the defendant acted willfully, you may consider any facts or circumstances you deem relevant to shed light on what was in the defendant's mind. For example, you may consider the manner in which any constitutional violation was carried out, and the duration of any constitutional violation. You may also consider: what the defendant said; what the defendant did or failed to do; how the defendant acted; and whether the defendant knew, through training or experience, his actions were unlawful; and whether the defendant knew that his actions violated the policies of the West Virginia State Police or the defendant's training.

Also, in considering the defendant's state of mind, you may infer that the defendant intended the natural and probable results of any acts he knowingly took or that he knowingly failed to take. In other words, you may infer that the defendant intended the consequences that a reasonable law enforcement officer, standing in like circumstances and possessing like knowledge, would have expected to result from his actions. However, it is entirely up to you to decide what facts to find from the evidence and what inferences to make from the evidence.

It is not necessary that the government prove that a defendant was thinking in constitutional or legalistic terms at the time of this incident. The defendant need not be aware of the specific law or provision that his conduct violated. It is sufficient that he commits an act with the intent to do something that the law forbids.

It is not a defense that the defendant may also have been motivated by anger, or some other emotion, provided that the intent described was present. You may, however, consider such motivations – as well as any malice displayed by the defendant – in determining whether the defendant acted willfully, as that term has been described to you.

If, after considering all the circumstances, you find that the defendant acted willfully, then you may find that the third element of Count One has been satisfied.

Authorities:

18 U.S.C. § 242

Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § V (modified).

*Williams v. United States,* 341 U.S. 97, 102 n.1 (1951) (reciting with approval the trial court's instructions that the jury was "entitled to consider all the attendant circumstances: the malice, if any, of the defendants toward these men; the weapon used in the assault, if any; and the character and duration of the investigation, if any, of the assault, if any, and the time and manner in which it was carried out. All these facts and circumstances may be taken into consideration from the evidence that has been submitted for the purpose of determining whether the acts of the defendants were willful and for the deliberate and willful purpose of depriving these men of their Constitutional rights to be tried by a jury just like everyone else.")

*United States v. Cowden*, 882 F.3d 464, 474 (4th Cir. 2018) ("To satisfy the element of 'willful' conduct, the government must prove that the defendant acted with the particular purpose of violating a protected right made definite by the rule of law or recklessly disregard[ed] the risk that [he] would do so. Willfulness may be shown by circumstantial evidence, provided that the defendant's purpose reasonably may be inferred from all the connected circumstances.") (internal citations and quotations omitted).

*United States v. Mohr*, 318 F.3d 613, 618-19 (4th Cir. 2003) ("[T]he government had to establish, *inter alia*, that [the defendant] acted (1) willfully, that is with the particular purpose of violating a protected right made definite by the rule of law or recklessly disregarding the risk that she would do so ….") (internal citations omitted).

*United States v. Cobb*, 905 F.2d 784, 788 (4th Cir. 1990) (approving instruction: "If you find that a defendant knew what he was doing and that he intended to do what he was doing, and if you find that he did violate a constitutional right, then you may conclude that the defendant acted with the specific intent to deprive the victim of that constitutional right.").

*United States v. McRae,* 795 F.3d 471, 479 (5th Cir. 2015) ("Section 242 has a willful mental state requirement, which means that the prohibited act must have been done voluntarily and intentionally and with the specific intent to do something the law forbids.").

*United States v. Figueroa,* 729 F.3d 267, 277 (3d Cir. 2013) *cert. denied,* 134 S. Ct. 1037 (2014) (approving instructions "The specific intent required by law ... is an intent to deprive a person of a federal right which has been made definite either by express terms of the Constitution or laws of the United States or by decisions interpreting them, or to act with reckless disregard of a constitutional requirement which has been made specific and definite .... You may find the particular defendant under consideration acted with the requisite specific intent, even if you find the defendant had no real familiarity with the specific constitutional rights involved, provided you find that the defendant under consideration willfully and consciously did the act which deprived the person of his or her constitutional rights. You may find a particular defendant acted willfully if he performed an act in open defiance or reckless disregard of a constitutional [requirement] which has been made specific and definite.").

*United States v. Cote,* 544 F.3d 88, 100 (2d Cir. 2008) *(*"As a preliminary matter, the nature of the force itself-repeatedly striking and kicking [the victim] in the head-suggests that [the defendant] intended to injure him rather than simply to restrain him. There is also evidence that, after the attack, [the defendant] falsified his incident report and attempted to persuade [another officer] to stick to the story. Such deception supports an inference that [the defendant] knew the force he used was excessive.") (internal citations omitted).

*Permissive Inference*

*Francis v. Franklin*, 471 U.S. 307, 314-315 (1985) ("A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion . . . . A permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury.").

*United States v. Cessa,* 785 F.3d 165, 185 (5th Cir. 2015) ("A mandatory presumption instructs the jury that it must infer the presumed fact if the State proves certain predicate facts. A permissive inference suggests to the jury a possible conclusion to be drawn if the State proves predicate facts, but does not require the jury to draw that conclusion. The analysis turns initially on the specific language challenged, but the potentially offending words must be considered in the context of the charge as a whole.") (internal citations omitted).

*United States v. Aguilar*, 242 Fed. App'x 239, 244 (5th Cir. 2007) (upholding definition of willfully that included the following instruction: "You may infer that a person ordinarily intends all the natural and probable consequences of an act knowingly done.").

*United States v. Russo*, 302 F.3d 37, 47 (2d Cir. 2002) ("[T]he Supreme Court ruled that an instruction stating that 'the law presumes that a person intends the ordinary consequences of his voluntary acts,' violated the Fourteenth Amendment requirement that the state prove each element of the criminal offense beyond a reasonable doubt. However, 'you may infer' language is significantly different from the 'law presumes' language in *Sandstrom.* 'You may infer' language may pose no constitutional problem where in context it suggests to the jury only a permissible inference.").

*Constitutional Terms*

*Screws v. United States*, 325 U.S. 91, 106 (1945) ("The fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution. When they so act they at least act in reckless disregard of constitutional prohibitions or guarantees.").

*United States v. Johnstone*, 107 F.3d 200, 210 (3d Cir. 1997) (upholding jury instruction that "[y]ou may find that a defendant acted with the required specific intent even if you find that he had no real familiarity with the Constitution or with the particular constitutional right involved,

here the right to be free from the use of unreasonable or excessive force, provided that you find that the defendant intended to accomplish that which the constitution forbids.").

*United States v. Dise*, 763 F.2d 586, 591 (3d Cir. 1985) (approving jury instruction that "[t]he Government need not prove that the deprivation of the constitutional rights was the predominant purpose of the defendant's actions.").

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 7

### (18 U.S.C. § 242 – Bodily Injury)

As you were previously instructed, if you find the defendant guilty of Count One, the verdict form will ask you to consider whether the government has proven beyond a reasonable doubt that the defendant's acts resulted in bodily injury to J.H.

"Bodily injury" means a cut, abrasion, bruise, burn, physical pain, or any other injury to the body, no matter how temporary. The injury need not be significant, severe or permanent. The government does not need to prove that the defendant intended to cause bodily injury, or that the defendant's acts were the sole cause of bodily injury.

If you find from your consideration of all the evidence that the defendant's acts resulted in bodily injury to J.H., then you may check the box for "Yes" on the verdict form.

If, on the other hand, you find from your consideration of all the evidence that the defendant's acts did not result in bodily injury to J.H., then you should check the box for "No" on the verdict form.

Authorities:

18 U.S.C. § 242

18 U.S.C. § 831(f)(5) (defining "bodily injury" to mean "(A) a cut, abrasion, bruise, burn, or disfigurement; (B) physical pain; (C) illness; (D) impairment of a function of a bodily member, organ or mental faculty; or (E) any other injury to the body, no matter how temporary").

18 U.S.C. § 1365(h)(4) (same).

18 U.S.C. § 1515(a)(5) (same).

18 U.S.C. § 1864 (d)(2) (same).

Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § III (modified).

*United States v. Perkins*, 470 F.3d 150, 161 (4th Cir. 2006) ("Physical pain alone or any injury to the body, no matter how fleeting, suffices" to establish bodily injury.)

*United States v. Perry,* 401 Fed.Appx. 56, 65 (6th Cir. 2010) ("The term bodily injury means: 1) a cut, abrasion, bruise, burn, or disfigurement; 2) physical pain; 3) illness; 4) the impairment of the function of a bodily member, organ, or mental faculty; or 5) any other injury to the body, no matter how temporary.").

*United States v. Bailey,* 405 F.3d 102, 111 (1st Cir. 2005) (applying the definition of bodily injury as set forth in 18 U.S.C. §§ 831(f)(5), 1365(h)(4), 1515(a)(5), 1864 (d)(2) to the element of bodily injury required by 18 U.S.C. § 242)).

## GOVERNMENT'S REQUESTED INSTRUCTION NO. 15

### PROVING "ON OR ABOUT"

You will note the Indictment charges that the offense was committed "on or about" a certain date. The government need not prove with certainty the exact date of the alleged offense. It is sufficient if the illegal activity happened during a period of time reasonably near the date alleged in the indictment.

Authority:

Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § VII(U).

*United States v. Smith* 441 F.3d 254, 261 (4th Cir. 2006) ("Where a particular date is not a substantive element of the crime charged, strict chronological specificity or accuracy is not required.") (internal citations omitted).

## **GOVERNMENT'S REQUESTED INSTRUCTION NO. 16**

### **SYMPATHY**

You have been chosen and sworn as jurors in this case to try the issues of fact presented by the allegations of the Indictment and the denial made by the Not Guilty plea of the defendant.

You are to perform this duty without bias or prejudice as to any party. You are not to be swayed by sympathy or public opinion. You are to be guided solely by the evidence in this case. The question you must ask yourselves is: Has the government proved the guilt of the defendant beyond a reasonable doubt? Both the defendant and the public expect that you will carefully and impartially consider all the evidence in the case, follow the law as stated by the Court and reach a just verdict, regardless of the consequences.

Authorities:

Ruschky, *Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina* § VII(EE) (modified).

*United States v. Muse*, 83 F.3d 672, 677 (4th Cir. 1996) ("[D]efendant is not entitled to inform the jury that it can acquit him on grounds other than the facts in evidence, i.e. a jury has the power of nullification.").

*United States v. Shamsideen*, 511 F.3d 340, 343 (2d Cir. 2008) ("A reasonable doubt is not a caprice or whim, it is not a speculation or suspicion, it is not an excuse to avoid an unpleasant duty. It is not sympathy.").

## **CERTIFICATE OF SERVICE**

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on the 19th day of September 2019, the foregoing UNITED STATES' PROPOSED JURY INSTRUCTIONS was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Byron Craig Manford, Esq.
PO Box 3021
Martinsburg, WV 25402
*Counsel for Defendant*

By: /s/ Jarod J. Douglas
Jarod J. Douglas
Assistant United States Attorney