**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**UNITED STATES OF AMERICA,**

Plaintiff,

**v.** **Criminal Action No. 3:19-CR-29 (GROH)**

**MICHAEL KENNEDY,**

Defendant.

**UNITED STATES' TRIAL MEMORANDUM REGARDING LAY OPINION TESTIMONY**

Now comes the United States of America, by William J. Powell, United States Attorney for the Northern District of West Virginia, by Jarod J. Douglas, Assistant United States Attorney for said District and Department of Justice Trial Attorney Christine M. Siscaretti, and files this memorandum regarding lay opinion testimony.

The Indictment charges the defendant with depriving J.H. of the right to be free from the use of unreasonable force by one acting under color of law, in violation of 18 U.S.C. § 242. During its case-in-chief, the government intends to elicit certain lay opinion testimony from multiple law enforcement officers, who were eyewitnesses to the defendant's use of force against J.H. Specifically, the government intends to ask law enforcement officers who were also eyewitnesses to the use of force about their training, experience, and personal observations during the incident at issue, and about whether they saw any rationale for the defendant's use of force. Fourth Circuit case law clearly holds that such testimony is both relevant and admissible.

In United States v. Perkins, 470 F.3d 150 (4th Cir. 2006), a police officer who kicked an arrestee after he had been subdued and was lying on the ground was charged with violating 18 U.S.C. § 242. At trial, the district court permitted officers who were eyewitnesses to the assault to testify that, in their opinion, the defendant's conduct was "unreasonable" and served no "legitimate" law enforcement purpose. Id. at 153. In finding no error on appeal, the Fourth Circuit held that the testimony of the eyewitness officers was proper lay opinion testimony permitted by Federal Rule of Evidence 701. Id. at 155-57. Rule 701, the court noted, "permits a lay witness to give opinion testimony that is '(a) rationally based on the perception of the witness, (b) helpful to a clear understanding of the witness' testimony or the determination of a fact in issue, and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.'" Id. at 155 (quoting Fed. R. Evid. 701). Applying Rule 701 to the challenged testimony, the court held that "[b]ecause their testimony was framed in terms of their eyewitness observations and particularized experience as police officers, we have no trouble finding their opinions were admissible under Rule 701." Id. at 156. Similarly, the Seventh and Eleventh Circuits have allowed testimony that offers the witness' personal opinion as to whether the defendant's use of force was appropriate, including some questions which incorporate the term "reasonable" "unjustified," "unwarranted," "improper," "excessive" or "inappropriate," where the opinion was based upon a witness's personal observations of the incident. See United States v. Umbach, 708 Fed.Appx. 533, 545 (11th Cir. 2017) (finding no violation of Rule 701(c) where officer eyewitness was permitted to testify that he had not "seen anything that 'justified [defendant's] use of force"); United States v. Myers, 972 F.2d 1566, 1577-78 (11th Cir. 1992) (holding officer eyewitness' testimony that "based on [the witness'] knowledge of the standard and proper police procedures"

the defendant's use of a stun gun against the victim . . . was not "reasonable force" properly admitted, but that similar testimony from another police eyewitness that the defendant's use of force was "unjustified" lacked proper foundation because it was not elicited "in the context of the prevailing standards of police behavior" with which the witness was familiar); United States v. Smith, 811 F. 3d 907, 909 (7th Cir. 2016) (rejecting Rule 701 challenge to testimony of eyewitness officers that defendant's use of force was "excessive," "unreasonable" "unjustified because [victim arrestees] weren't resisting").

In contrast, the Fourth Circuit, also in Perkins, found that the district court had erred when it admitted testimony about the reasonableness of the defendant's actions from law enforcement witnesses, including a use of force trainer, who were not eyewitnesses to the event at issue. Specifically, under those circumstances, the Court found that such testimony, which was elicited in response to hypothetical questions based on second-hand accounts, did not satisfy Rule 701's personal knowledge requirement. Id., citing United States v. Glenn, 312 F.3d 58, 67 (2d Cir. 2002) (drug dealer's testimony that the defendant must have been carrying a gun was erroneously admitted under Rule 701 because the witness lacked first-hand knowledge); Washington v. Dep't of Transp., 8 F.3d 296, 300 (5th Cir. 1993) ("Under the Federal Rules of Evidence, speculative opinion testimony by lay witnesses-i.e., testimony not based upon the witness's perception - is generally considered inadmissible."). Instead, the Court held that the testimony from witnesses who did not observe the incident was "similar, if not indistinguishable" from expert testimony pursuant to Federal Rule of Evidence 702 and thus had been improperly admitted as lay testimony. Id., citing United States v. Mohr, 318 F.3d 613, 623-24 (4th Cir.2003) (admitting expert testimony

on the reasonableness of the defendant's use of force when the expert did not observe the defendant's actions but instead gave his opinion in response to abstract questions).

In the case at issue, the government submits that testimony from eyewitness law enforcement officers about their training, experience, and personal observations during the incident at issue and about whether they saw any rationale for the defendant's use of force is relevant and admissible as lay opinion testimony pursuant to Fourth Circuit case law.[1]

Respectfully submitted,

WILLIAM J. POWELL
UNITED STATES ATTORNEY

By: /s/ Jarod J. Douglas
Jarod J. Douglas
Assistant United States Attorney

/s/ Christine M. Siscaretti
Christine M. Siscaretti
Trial Attorney

[1] The government, of course, will not seek to elicit any testimony, lay or expert, that directly states whether the defendant's use of force met the constitutional standard of "objective reasonableness" articulated by the Supreme Court in Graham v. Connor, 109 S.Ct. 1865 (1989), as courts have consistently found such testimony to be inadmissible because it states a legal conclusion. See Perkins, 470 F.3d at 159 (holding that no witness may testify to "the baseline legal conclusion of reasonableness"); United States v. Williams, 343 F.3d 423, 435 (5th Cir. 2003) ("reasonableness under the Fourth Amendment or Due Process Clause is a legal conclusion"); Peterson v. City of Plymouth, 60 F.3d 469, 475 (8th Cir. 1995) (holding expert testimony as to "the reasonableness of the officers' conduct in light of Fourth Amendment standards" inadmissible as a legal conclusion).

**CERTIFICATE OF SERVICE**

I, Jarod J. Douglas, Assistant United States Attorney for the Northern District of West Virginia, hereby certify that on the 30th day of September 2019, the foregoing UNITED STATES' TRIAL MEMORANDUM REGARDING LAY OPINION TESTIMONY was electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Byron Craig Manford, Esq.
PO Box 3021
Martinsburg, WV 25402
*Counsel for Defendant*

/s/ Jarod J. Douglas
Jarod J. Douglas
Assistant United States Attorney